**U.S. BANKRUPTCY COURT**
**FOR THE WESTERN DISTRICT OF KENTUCKY**
**LOUISVILLE DIVISION**

**IN RE**

**HULL EQUITY, LLC**                                                      **Case No. 23-32984**
                                                                                  **(Chapter 7)**

**DEBTORS**

**\*\* \*\* \*\* \*\* \*\* \*\***

**TRUSTEE'S MOTION FOR AN ORDER AUTHORIZING TRUSTEE TO ENTER INTO
PROPERTY AND LIABILITY INSURANCE POLICY AGREEMENT WITH
COVINGTON SPECIALTY INSURANCE COMPANY FOR POLICY PERIOD
AUGUST 25, 2025, TO AUGUST 25, 2026**

Comes now the Trustee, Stephen Barnes (the "Chapter 7 Trustee"), solely in his limited capacity as the Trustee for the Chapter 7 Bankruptcy Estate of Hull Equity, LLC (the "Debtor"), pursuant to 11 U.S.C. §§ 363 and 704 and hereby respectfully submits his Motion requesting that this court authorize Chapter 7 Trustee to enter into an insurance agreement for commercial general liability and commercial property (the "Insurance Policy Agreement") with Covington Specialty Insurance Company ("Insurer" or "Covington") for the period August 25, 2025 through August 25, 2026 (the "Policy Period"), and to disburse to Insurer Covington's agent Trustee Insurance Agency the corresponding premiums, fees, and taxes in the total amount of $13,021.50 (the "Policy Cost").

Chapter 7 Trustee requests the Court's approval to enter into the Insurance Policy Agreement in order to obtain immediate insurance to cover certain real property of the bankruptcy estate located at 1921-2006 Grant Line Road, New Albany, Indiana 47150 (the "Real Property"). The insurance carrier is the same entity that provided insurance pre-conversion. The insurance coverage lapsed on July 8, 2025, approximately one month prior to the conversion date of August

13, 2025 (the "Conversion Date").  Thus, coverage is immediately necessary in order to preserve and protect the Real Property.  In further support of this motion, Chapter 7 Trustee states as follows:

### Jurisdiction and Background

1.      This court has jurisdiction to consider the Motion pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A).

2.      This case was filed as a Chapter 11 proceeding on December 13, 2023 (the "Petition Date") and was converted to a Chapter 7 on August 13, 2025 (the "Conversion Date"). For almost the entire post-petition pre-conversion period, the case was jointly administered with three historically related Debtors, with almost all filings in the lead case WDKY Bkr. 23-32983 (*In re Hull Organization, LLC)*.

3.      One key asset in the bankruptcy estate is the Real Property located at 1921 Grant Line Road, 1921-2006, New Albany, IN, 47150. This Real Property is commercial property that includes an operating AutoZone store as a tenant. This property was previously insured by the same carrier; however, Debtor's insurance coverage lapsed on July 8, 2025.  Debtor's counsel was under the mistaken impression that the insurance was in force as of the Conversion Date, but Chapter 7 Trustee has confirmed with the insurance carrier that the policy lapsed pre-conversion. Since July 8, 2025, the property has been uninsured and at risk.

4.      The Insurer Covington has provided a Commercial Quote, attached as **Exhibit A**, that would provide coverage of the Real Property from August 25, 2025 to August 25, 2026.  The invoice is attached hereto as **Exhibit B**.

**Insurance Policies**

5.      It is in the best interest of the bankruptcy estate to immediately enter into the Insurance Policy Agreement and gain insurance coverage for the Real Property. In the ordinary course of its business and under the various states in which it operates, Debtor must maintain insurance policies against various types of loss claims, including commercial general liability, property liability, and excess general liability, all of which are in the best interest of Debtor's operations.   Although the Chapter 7 Trustee is not operating the business in this chapter 7 bankruptcy it is in the best interest of the bankruptcy estate to maintain insurance policies to protect property within the estate.

6.      Applicable law supports allowing Chapter 7 Trustee to enter into the Insurance Policy Agreement. § 1112(b)(4)(C) of the Bankruptcy Code provides that "failure to maintain appropriate insurance that poses a risk to the estate or the public" is "cause" for mandatory conversion or dismissal of a chapter 11 case. 11 U.S.C. § 1112(b)(4)(C).  The lapse of insurance could have been an appropriate basis for conversion during the Chapter 11.  In addition, in many instances, the coverage provided under the Insurance Policies is required by the regulations, laws, certain credit agreements. Proof of insurance, and therefore insurance itself, is required in the Western District of Kentucky Bankruptcy Court. W.D. Ky. LBR 4070-1. Given this backdrop, Chapter 7 Trustee believes it is essential to the bankruptcy estate, and consistent with the Bankruptcy Code that he be authorized to enter into and make those payments required under the Insurance Policy Agreement.

7.      The proposed Insurance Policy Agreement with Covington Special Insurance Company covers several potential liabilities, including general liabilities and property insurance.

The insurance program covers Debtor and is essential to both the ongoing operations of Chapter 7 Trustee and the liquidation efforts.

8.    The Insurance Program includes, *inter alia*:

(a) commercial general liability insurance that includes the general aggregate limit of $2 million, the products/completed operations aggregate limit of $2 million, personal and advertising injury with a limit of $1 million, each occurrence with a limit of $1 million, damage to premises rented to you with a limit of $100,000, and medical expenses with a limit of $5,000.

(b) property insurance for the property at 1921 Grant Line Road, 1921-2006, New Albany, IN, 47150 with policy limits of $1 million.

9.    To commence insurance coverage again will require immediate payment of annual premiums and expenses totaling $13,021.50. The Chapter 7 Trustee is holding estate funds sufficient to pay the Policy Cost in full.

10.    Under the proposed Insurance Policy Agreement with Covington Specialty Insurance Company, Trustee is required to make a disbursement in the total amount of $13,021.50, consisting of a property premium of $10,000, general liability premium of $1,800, policy fee of $500, inspection fee of $160, Indiana surplus lines tax of $311.50, and agent's fee of $250.00. Twenty-five percent of that amount is a fully earned premium, and the other seventy-five percent will be an unearned premium. Upon the sale of the property and cancellation of the policy at the insured's request up to seventy-five percent of the premium could be returned to the estate. It is Chapter 7 Trustee's intention to immediately retain an auctioneer and real estate counsel to sell the property within ninety days for the unearned insurance premium, so the Bankruptcy Estate will likely be entitled to reimbursement under the terms of the Insurance Policy Agreement.

### Request for Authority to Enter into the Insurance Policy Agreement

11.     To ensure that (a) the estate property regains insurance coverage as quickly as possible and (b) Chapter 7 Trustee is not forced to enter into a different agreement for insurance coverage on less favorable terms and conditions, Trustee request authority to enter into the Insurance Policy Agreement.

12.     The insurance coverage is essential to the successful sale of Debtor's property and to protect Debtor's assets for the benefit of the bankruptcy estate. Further interruption in the insurance coverage exposes Debtor and the estate to serious risks associated with lapses in coverage, including (a) direct liability for payment of claims that otherwise would have been payable by the insurers providing the insurance coverage and (b) possible fines and other consequences that may arise in connection with failure to maintain insurance coverage required by law.

13.     Chapter 7 Trustee therefore submits that gaining insurance coverage under the favorable terms and conditions provided by the Insurance Policy Agreement is in the best interests of Chapter 7 Trustee, Debtor, its estate and its creditors.

14.     Chapter 7 Trustee, in his business judgment, submits that the terms of the Insurance Policy Agreement, including the Policy Cost, are reasonable and in the best interests of the Bankruptcy Estate.

WHEREFORE, Trustee respectfully requests that this Court enter an Order authorizing Trustee to enter into the Insurance Policy Agreement with Covington Specialty Insurance Company and to immediately disburse of the Policy Cost in the amount of $13,021.50.

Dated this the 25th day of August 2025.

Respectfully Submitted,

*/s/ Stephen Barnes*
Stephen Barnes, Chapter 7 Trustee
P.O. Box 1598
Lexington, KY 40588-1598
(tel) (859) 225-4714
(fax) (859) 225-7983
sbarnes@kentuckytrustee.com
CHAPTER 7 TRUSTEE

## CERTIFICATE OF SERVICE

This is to certify that a copy of the foregoing was served electronically by the Court on the parties designated to receive electronic notice in this case on this the 25th day of August, 2025.

*/s/ Stephen Barnes*
CHAPTER 7 TRUSTEE