UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

IN RE:

HULL EQUITY, LLC                              Case No. 23-32984
                                              (Chapter 7)

DEBTOR

### CHAPTER 7 TRUSTEE'S MOTION TO EXTEND TIME TO ASSUME OR REJECT EXECUTORY CONTRACTS AND UNEXPIRED LEASES

\*\* \*\* \*\* \*\* \*\* \*\* \*\*

Comes now the Trustee, Stephen Barnes (the "Chapter 7 Trustee"), solely in his capacity as the Trustee for the Chapter 7 Bankruptcy Estate of Hull Equity, LLC (the "Debtor"), pursuant to 11 U.S.C. §§ 105 and 365(d), and hereby respectfully moves this Court to enter an Order extending the time to assume or reject executory contracts and unexpired leases until January 12, 2026 (approximately 90 days beyond the current deadline).

For his Motion, the Chapter 7 Trustee states as follows:

### Background and Summary of Relief Requested

1.  This Court has jurisdiction to hear the above-captioned Motion.

2.  This case was filed as a Chapter 11 proceeding on December 13, 2023 (the "Petition Date") and was converted to a Chapter 7 on August 13, 2025 (the "Conversion Date"). For almost the entire post-petition pre-conversion period, the case was jointly administered with three historically related Debtors, with almost all filings in the lead case WDKY Bkr. 23-32983 (*In re Hull Organization, LLC*). The records of the Hull equity and

Hull Organization cases do not show any requests by the Debtor or Chapter 11 Trustee to extend the assumption deadline.

3. For the past several years, the Debtor (as landlord) has leased certain Indiana real estate located at 1931 Grant Line Road New Albany, IN 47150 (the "Property") to AutoZone Development, LLC (assignee of AutoZone, Inc.) (the "Tenant"). The Tenant has been operating the premises as an AutoZone store.

4. Pursuant to 11 U.S.C. §365(d)(1), the Chapter 7 Trustee respectfully requests that this Court enter an Order extending the deadline for the Chapter 7 Trustee to assume or reject executory contracts, specifically the Asset Purchase Agreement and any and all associated and ancillary contracts. The Chapter 7 Trustee requests an extension up until January 12, 2026, which is approximately 90 days beyond the current deadline to assume or reject (October 12, 2025).

5. The Chapter 7 Trustee further respectfully requests that this Court enter an Order extending the deadline (if any) for the Chapter 7 Trustee to assume or reject the unexpired lease[1] of the Real Property until January 12, 2026.

## The Assumption/ Rejection Deadline of §365(d)(1)

6. Pursuant to 11 U.S.C. 365(d)(1), if the Trustee in a chapter 7 case does not assume or reject an executory contract of the debtor within 60 days after the Order for Relief, then such contract is deemed rejected.

---

[1] The Chapter 7 Trustee believes that the Bankruptcy Code does not establish a deadline to assume or reject unexpired non-residential leases when the Trustee is a lessor. Nevertheless, out of an abundance of caution, to the extent any deadline exists, the Chapter 7 Trustee requests an extension of any deadlines until the same new deadline.

7.       For purposes of §365, the date of the Order for Relief is the date of conversion, August 13, 2025.  11 U.S.C. §348(c).

8.       The sixtieth day after the Petition Date will be Sunday, October 12, 2025. (the "Contract Assumption Deadline").

9.       Prior to the expiration of the 60-day Contract Assumption Deadline, the Court may, for cause, fix an additional period of time for the Chapter 7 Trustee to assume or reject an executory contract.  11 U.S.C. §365(d)(1).

10.      Pursuant to 11 U.S.C. 365(d)(4)(A), an unexpired lease of nonresidential real property under which the debtor is the lessee shall be deemed rejected if the trustee does not assume or reject the lease within 120 days of the date of the order for relief or the date of the entry of an order confirming a plan, whichever is earlier. Prior to the expiration of the 120-day period, the court may extend the period for 90 days on the motion of the trustee. 11 U.S.C. § 365(d)(4)(B).

11.      11 U.S.C. § 365 is silent as to the deadline (if any) by which an unexpired lease of non-residential real property under which the debtor is the lessor must be assumed or rejected.  Accordingly, the Chapter 7 Trustee submits that there is no deadline to assume or reject the lease of the Real Property in the Bankruptcy Code.  However, out of an abundance of caution, the Trustee files this Motion to extend the deadline (if any) for the Chapter 7 Trustee to accept or reject the lease.

**Relief Requested - Motion to Extend Contract Assumption Deadline**.

12.      The Chapter 7 Trustee and the Tenant have had discussions regarding assignment of the Lease after a potential sale.  The Chapter 7 Trustee has been assembling

and reviewing documents and records associated with the Real Property. The Chapter 7 Trustee continues to evaluate the benefits for the Bankruptcy Estate and its creditors pursuant to the Lease, which benefits may ultimately be considerable.

13. Furthermore, the Chapter 7 Trustee may be able to improve the positions of the Parties and augment the benefits of the Lease to both the Buyer and the Bankruptcy Estate using the trustee's powers under the Bankruptcy Code. For example, encumbrances and liens encumbering the Real Property might be avoidable. The Chapter 7 Trustee has the ability (which the pre-petition Debtor or the purchaser would not) to (i) sell the Real Property free and clear of liens (11 U.S.C. §363(f)) and (ii) avoid any preferentially perfected judgment liens (11 U.S.C. §547).

14. Cause exists to extend the Contract Assumption Deadline. The Real Property may be more valuable if the executory contracts and unexpired leases are not automatically rejected because a purchaser might wish to keep AutoZone as a tenant. Because the sale has not yet occurred, the Chapter 7 Trustee cannot determine whether the purchaser will wish to assume the lease prior to the Contract Assumption Deadline. If the Chapter 7 Trustee elects to use avoidance powers or §363(f) powers in connection with the sale, there is simply not enough time before the Contract Assumption Deadline.

15. For the reasons above, the Chapter 7 Trustee submits that cause exists to extend the deadline for the Chapter 7 Trustee to assume or reject the lease and any executory contracts. Furthermore, to the extent there is a deadline to assume or reject the Lease, cause exists to extend the deadline to assume or reject the same.

16. The Landlord has alleged certain damages to the premises and the parties have had discussions about repairs, but otherwise the Chapter 7 Trustee has not been

notified of any breach or default under the Lease. The Chapter 7 Trustee has honored its post-petition obligations pursuant to the Lease.

WHEREFORE, for the reasons set forth above, the Trustee requests this Court to enter an Order:

1. EXTENDING the time to assume or reject all executory contracts until January 12, 2026.

2. EXTENDING the deadline (if any) to assume or reject all executory leases until January 12, 2026.

3. Granting such further relief as is just proper, necessary, or appropriate.

Dated this the 2nd day of October, 2025.

Respectfully Submitted,

*/s/ Stephen Barnes*
Stephen Barnes, Chapter 7 Trustee
P.O. Box 1598
Lexington, KY 40588-1598
(tel) (859) 225-4714
(fax) (859) 225-7983
sbarnes@kentuckytrustee.com
CHAPTER 7 TRUSTEE

## CERTIFICATE OF SERVICE

       This is to certify that a copy of the foregoing was served electronically by the Court on the parties designated to receive electronic notice in this case on this the 2nd day of October, 2025, or on the individuals and entities listed below by the undersigned, on this the 2nd day of October, 2025.

Stephen Barnes, Trustee
Walther, Gay & Mack, PLC
163 East Main Street Suite 200
P.O. Box 1598
Lexington, Kentucky 40588-1598

U.S. Trustee
601 West Broadway #512
Louisville, KY 40202

Robert Lucka, Attorney
AutoZone Property Mgt., Dept. 8700
123 South Front Street
Memphis, TN 38103

*/s/ Stephen Barnes*
CHAPTER 7 TRUSTEE