**UNITED STATES BANKRUPTCY COURT**
**WESTERN DISTRICT OF KENTUCKY**

In re:                                                    )
                                                          )
HULL EQUITY, LLC.                                         )        CASE NO. 23-32984
                                                          )        Chapter 7
                            Debtor                        )
                                                          )
_____        )

**ORDER**

This case comes before the Court on the Application for Compensation and Reimbursement of Expenses filed by Kaplan Johnson Abate & Bird LLP ("KJAB"), as approved counsel for Hull Equity, LLC (the "Debtor") during the pendency of this bankruptcy case under Chapter 11.   KJAB seeks allowance of fees in the amount of $2,275.00 for professional services rendered and reimbursement of $198.60 for actual, necessary expenses incurred during the period of April 1, 2025, through August 12, 2025 (the "Application Period").   Interested Party, Nancy Hull (hereinafter "Nancy") objected to the application.    Even if Nancy had not objected, the Court has an independent duty to review the application.

In order to properly consider the application, the Court must review the application in context, considering the posture of the case for the time period in question.   This bankruptcy case was commenced in December 2023.   During the pendency of this case, the Court has awarded KJAB approximately $10,030.00 in the three previous fee application.

Moreover, as Nancy correctly points out, after four attempts, no confirmable plan was ever proffered.   Indeed, the Fourth Amended Plan failed to meet the bare minimum requirements such as a liquidation analysis or income projections.   A tract of property was sold and closed before the time period covered by this application, leaving adjoining tracts in the Estate . If this fee application is approved, then the bankruptcy estate has in essence spent $12,125.50 on attorney

fees on one sale transaction.   This case was supposed to be dismissed earlier this year, yet even dismissal was a goal the Debtor could not accomplish.   Counsel did not keep fees separate for the related cases from the beginning and did not file the reallocation of fees on a timely basis as was ordered by the Court.    Finally, the first proposed settlement with Nancy was patently not approvable, while the second proposed settlement with Nancy was never executed by Robert Hull. Thus, any time and expenses spent on these activities were of no benefit to the estate.

As the Sixth Circuit made clear in the *In re Village Apothecary Inc.* case, 45 F.4th 940 (6th Cir. 2022), bankruptcy courts have the authority to reduce professional's fees based upon the results obtained.   In this case, the results obtained clearly warrant a reduction of counsel's fees. Thus, in light of the questionable benefit of these last services, the posture of the bankruptcy case, as well as consideration of the fees previously awarded, the Court elects to make a 50% reduction in the current fee application which addresses the concerns raised by the Court and Nancy, and still fairly compensates the applicant.   The Court being otherwise sufficiently advised,

**IT IS ORDERED** that KJAB is awarded compensation in the amount of $1,137.50 for actual, necessary professional services rendered and reimbursement of $198.60 for actual, necessary expenses incurred in its representation of Debtor from April 1, 2025 through August 12, 2025.

**IT IS FURTHER ORDERED** that the Chapter 7 trustee for Debtor's estate may, within his discretion, disburse payment to KJAB from estate funds.

Alan C. Stout
United States Bankruptcy Judge

Dated: October 8, 2025