U.S. BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

IN RE

HULL EQUITY, LLC                                                                           Case No. 23-32984
                                                                                                                (Chapter 7)
DEBTOR

\* \* \* \* \* \* \* \* \*

**MOTION OF THE CHAPTER 7 TRUSTEE
TO SELL REAL PROPERTY BY PUBLIC AUCTION
FREE AND CLEAR OF LIENS, CLAIMS, AND ENCUMBRANCES**

Comes now the Trustee, Stephen Barnes (the "Chapter 7 Trustee"), solely in his capacity as the Trustee for the Chapter 7 Bankruptcy Estate (the "Estate") of Hull Equity, LLC (the "Debtor"), pursuant to 11 U.S.C. §363 and Bankruptcy Rules 2002, and 6004, and hereby respectfully submits his Motion to Sell Real Property located at 1931 Grant Line Road, New Albany, Indiana 47150 (Parcel No.: 22-05-04-201-281.001-008 and 22-05-04-201-276.000-008) and Graybrook Lane, New Albany, IN 47150 (Parcel No.: 22-05-04-201-280.000-008) (collectively the "Real Property") by public auction, Free and Clear of Liens, claims and encumbrances (other than the lease to AutoZone Development, LLC ("Tenant AutoZone").

In support of his Motion, the Trustee states as follows:

1.      This Court has subject matter jurisdiction over this motion pursuant to 28 U.S.C. § 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A), (N), and/or (O). The Court may exercise its subject matter jurisdiction pursuant to 28 U.S.C. § 157(b)(1). Venue of this proceeding and the motion is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409. The statutory predicates for the relief requested herein are

sections 105 and 363 of the Bankruptcy Code and Bankruptcy Rules 2002 and 6004.

2. This case was filed as a Chapter 11 proceeding on December 13, 2023 (the "Petition Date") and was converted to a Chapter 7 on August 13, 2025 (the "Conversion Date"). For almost the entire post-petition pre-conversion period, the case was jointly administered with three historically related Debtors, with almost all filings in the lead case WDKY Bkr. 23-32983 (*In re Hull Organization, LLC*).

3. The real property consists of real estate and improvements at the above addresses, which include a strip mall and neighboring undeveloped property.

4. In order to maximize value, the Trustee believes a prompt sale of the Real Property is in the best interests of the Estate's creditors. The Trustee believes that a competitive bidding process at public auction will produce the highest and best price for the Real Property. By this Motion, the Trustee seeks the entry of an order on an expedited basis authorizing the sale of the Real Property free and clear of all liens, claims and encumbrances, with liens, if valid, to attach to proceeds.

5. This sale shall be free and clear of any and all liens, claims, interests and encumbrances, with liens to attach to the sales proceeds, if such liens are valid, and be paid at closing. The Trustee seeks this Court's approval, as a part of the proposed sale, to convey the Bankruptcy Estate's interest in the Real Property free and clear of (a) any mortgages, security interests, liens or encumbrances of any kind, including any administrative expenses, priority claims asserted herein, claims of set-off and/or recoupment and any ownership claims or any arrangement which is intended as financing (and not a true lease); (b) any demands or claims of creditors against the Debtor; and (c) any person claiming through, by or on behalf of the Debtor, whether such claim, demand,

lien or interest be direct or indirect, known or unknown, or claiming that a buyer is a successor or successor-in-interest or pursuant to any other theory. One of the commercial spaces in the Real Property is leased to Tenant AutoZone. The Chapter 7 Trustee does NOT request authority to sell the Real Property free and clear of Tenant AutoZone's lease, but rather anticipates that the lease will be assumed or rejected pursuant to 11 U.S.C. §365 after the sale.

6. The sale of the Bankruptcy Estate's interest in the Property is authorized and appropriate under the Bankruptcy Code. Section 363(b) provides that "the trustee, after notice and a hearing, may use, sell, or lease other than in the ordinary course of business, property of the estate." The Court's power to authorize a sale under Section 363(b) of the Bankruptcy Code is to be exercised at its discretion, utilizing a flexible, case-by-case approach. *In re Baldwin United Corp.*, 43 B.R. 888, 905 (Bankr. S.D.Ohio 1984). The key consideration is the Court's finding that a good business reason exists for the sale. *Stephens Industries, Inc. v. McClung*, 789 F.2d 386, 389-90 (6th Cir. 1986).

7. Sound business reasons exist for selling the Bankruptcy Estate's interest in the Real Property as set out herein. The maximum value for the Bankruptcy Estate's interest in the Real Property will be obtained by selling it by public auction.

8. The Trustee has evaluated the potential benefits from a private sale, as well as the likely benefits of other alternatives. After consultation with the Auctioneer, the Chapter 7 Trustee has concluded that the proposed sale, an organized process with a scheduled auction, presents the best opportunity for economic benefit to the Bankruptcy Estate.

9. The Court has entered an Order (Doc. 59) authorizing the Chapter 7 Trustee

to Employ Jonathan Noel CEO, Auctioneer and Realtor and Noel Auctioneers and Real Estate Advisors ("Auctioneer") to auction the Real Property.

10. Section 363(f) of the Bankruptcy Code authorizes the sale of property under Section 363(b) to be free and clear of interests in such property held by an entity if:

(1) Applicable non-bankruptcy law permits a sale of such property free and clear of such interests;

(2) Such entity consents;

(3) Such interest is a lien and the price at which such property is to be sold is greater than the aggregate value of all liens on such property;

(4) Such interest is in bona-fide dispute; or

(5) Such entity could be compelled, in a legal or equitable proceeding, to accept a money satisfaction of such interest.

11. A Trustee need only satisfy one of the above requirements to justify approval of a sale free and clear of liens and interests. *Michigan Employment Security Comm'n v. Wolverine Radio Co.*, 930 F.2d 1132, 1147 n. 24 (6th Cir. 1991). The Trustee believes that the proposed sale satisfies one or more of these conditions.

12. The Real Property is encumbered by a series of municipal liens and local tax liens securing indebtedness far less than the expected value of the Real Property. In a state law foreclosure action, the lienholders could be compelled, to accept money in satisfaction of their interest.

13. Thus, a sale of the Real Property free and clear of all liens, claims or encumbrances is appropriate pursuant to Section 363(f) of the Bankruptcy Code.

14. The Trustee further requests that this Court enter an Order waiving the fourteen (14) day stay of Rule 6004(h), in order to allow purchasers at auction to

immediately take full title to the Real Property.

WHEREFORE, the Trustee respectfully requests that this Court enter an Order:

1. AUTHORIZING the Chapter 7 Trustee to Sell Real Property at public auction, free and clear of all liens, claims, and encumbrances (other than the lease to Tenant AutoZone), with liens to attach to sales proceeds and be paid at closing, for cash, as-is where-is, with no warranties of any kind, express or implied;

2. WAIVING the fourteen (14) day stay of Rule 6004(h);

3. GRANTING any and all other relief that is just, equitable, and appropriate.

Dated this the 22nd day of October, 2025.

Respectfully Submitted,

*/s/ Stephen Barnes*
Stephen Barnes, Chapter 7 Trustee
163 E. Main Street, Suite 200
P.O. Box 1598
Lexington, KY 40588-1598
(tel) (859) 225-4714
(fax) (859) 225-7983
sbarnes@kentuckytrustee.com
CHAPTER 7 TRUSTEE

## EXHIBIT A

**Parcel No. 22-05-04-201-281.001-008**

**TRACT 2:**
Being a part or all of Lots #1, 2, 8, & 9 of Block #9 AND
Part or all of Lots 8, 9, 10, 11, 12, H & G, Block #10 of Plat #447 in Illinois Grant Survey #42, New Albany Township, Floyd County, Indiana, and being a 1.898 acre, more or less, tract of ground shown on the plat of an Original survey by William P. McCarty (L.S. #20000231), Project #24-162, (dated August 26, 2024), (No revisions at this time), (Basis of Bearing is Indiana State Plane Coordinate System, East Zone, NAD 1983, all reference monuments and courses herein are shown on said plat of survey, and more particularly described as follows: Commencing at a 5/8" Jordan rebar found marking the Southwest corner of Lot #1 of said Plat #447; thence with the East right-of-way line of Graybrook Lane, North 06° 22' 24" East, 399.17 feet to a mag nail found and the TRUE POINT OF BEGINNING; thence continuing with the East right-of-way of Graybrook Lane, North 06° 25' 54" East, 313.07 feet to a mag nail found; thence leaving the East right-of-way of Graybrook Lane, South 83° 33' 24" East, 254.00 feet to a mag nail found on the West right-of-way of Grant Line Road; thence with the above mentioned right-of-way the following two (2) calls: South 06° 09' 49" West, 135.20 feet to a Condra steel bar found; thence South 26° 53' 33" East, 116.09 feet to a steel Condra bar found; thence leaving the West right-of-way of Grant Line Road, South 63° 03' 59" West, 140.20 feet to a steel Condra bar found; thence North 85° 00' 15" West, 201.39 feet to the true point of beginning.
Containing 1.898 acres, more or less.
(Known as Tract #2 on the plat of an Original survey by William P. McCarty (L.S. #20000231), Project #24-162, (dated August 26, 2024)

**TRACT 2:** SUBJECT TO AND INCLUDING a thirty-six (36) foot wide ingress/egress and utility easement the centerline of which is more particularly described as follows: Commencing at a 5/8" Jordan rebar found marking the Southwest corner of Lot #1 of said Plat #447; thence with the East right-of-way line of Graybrook Lane, North 06° 22' 24" East, 399.17 feet to a mag nail found; thence continuing with the East right-of-way of Graybrook Lane, North 06° 25' 54" East, 313.07 feet to the TRUE POINT OF BEGINNING OF THIS EASEMENT; thence leaving the East right-of-way of Graybrook Lane, South 83° 33' 24" East, 254.00 feet to a mag nail found on the West right-of-way of Grant Line Road and the terminus of this easement.
(Intended to be eighteen (18) feet on both sides of the above described centerline.)