U.S. BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

IN RE:

**HULL EQUITY, LLC**  Case No. 23-32984
  **(Chapter 7)**
**DEBTOR**

### MOTION TO AUTHORIZE CHAPTER 7 TRUSTEE TO PAY PROPERTY TAXES FROM ESTATE FUNDS

\*\*    \*\*    \*\*    \*\*    \*\*    \*\*    \*\*

Comes now the Trustee, Stephen Barnes (the "Chapter 7 Trustee"), solely in his limited capacity as Trustee of the Chapter 7 Bankruptcy Estate (the "Estate") of Hull Equity, LLC (the "Debtor" or "Hull Equity"), and hereby respectfully moves this Court to enter an Order authorizing him to pay **Property Taxes in the total amount of $13,444.67** from Estate funds, to the Treasurer of Floyd County, Indiana (or other appropriate tax authority) in satisfaction of the tax bills referenced herein, in order to avoid penalties which will accrue if the taxes are not paid before November 10, 2025.

For this Motion, the Trustee states as follows:

1. The asset in this case is commercial real property located at 1931 Grant Line Road, New Albany, Indiana 47150 (Parcel No.: 22-05-04-201-281.001-008 and 22-05-04-201-276.000-008) and Graybrook Lane, New Albany, IN 47150 (Parcel No.: 22-05-04-201-280.000-008) (collectively the "Real Property").[1] The property taxes on the Debtor's property are in arrears. The Spring 2025 installment was not paid and has already incurred a 10% penalty. If the Fall 2025 installment of taxes is not paid on or before November 10th, 2025, there will be another 10% penalty added to the amount of the installment.

---

[1] - There are two properties, but they currently are assigned three (3) parcel numbers.

2. On October 22, 2025, the Trustee filed a Motion (Doc. 83) seeking the Court's permission to sell the Real Property by public auction, free and clear of liens, claims and encumbrances, with liens to attach to proceeds and be paid at closing. However, the Real Property will almost certainly not be sold before November 10, 2025, which is the date the property tax penalties will accrue.

3. For one parcel of Tract 2 (Parcel No.: 22-05-04-201-281.001-008) at 1931 Grant Line Road, New Albany, Indiana 47150, the second installment of $526.04 of the 2023 tax year, payable in the 2024 tax year, is unpaid and due. The first installment of $512.72 was due on May 10, 2025 and is unpaid, and a penalty of $156.47 is due. The second installment of $512.72 will come due on November 10, 2025. **The Chapter 7 Trustee seeks approval to disburse $1,707.95 to satisfy tax bills encumbering Tract 2 (Parcel No.: 22-05-04-201-281.001-008)**.

4. For the second parcel of Tract 2 (Parcel No.: 22-05-04-201-276.000-008) at 1931 Grant Line Road, New Albany, Indiana 47150, the first installment of $5,233.91 was due on May 10, 2025 and is unpaid, with a penalty of $523.39. The second installment of $5,233.91 is due on November 10, 2025. **The Chapter 7 Trustee seeks approval to disburse $10,991.21 to satisfy tax bills encumbering Tract 2 (Parcel No.: 22-05-04-201-276.000-008)**.

5. For Tract 3 at Graybrook Lane, New Albany, Indiana 47150 (Parcel No.: 22-05-04-201-280.000-008), the second installment of $230.42 of the 2023, payable 2024 tax year, is unpaid and due. The first installment of $223.34 was due on May 10, 2025 and is unpaid, with a penalty of $68.41. The second installment of $223.34 is due on November 10, 2025. Tract 3 will be voided after the 2024 payable 2025 tax yar but is currently assessing real estate compromising the subject Tract 2 and Tract 3. **The Chapter 7 Trustee seeks approval to disburse $745.51 to satisfy tax bills encumbering Tract 3 (Parcel No.: 22-05-04-201-280.000-008)**.

6. Paying before November 10th would save the estate no less than $597.00 in penalties.

7. The Chapter 7 Trustee has sufficient funds on hand pay the property taxes. Because there are sufficient funds in the Bankruptcy Estate to pay the Property Taxes, the Trustee seeks this Court's approval to pay the taxes from Estate assets. Without prompt payment, the Estate will needlessly incur penalties for unpaid taxes.

8. If the real estate taxes continue to go unpaid, the property will ultimately become subject to tax sale. Paying the taxes would alleviate that concern and any fees that might be incurred should it go into the tax sale process.

9. Additional taxes may be owed at closing if the purchase agreement calls for the typical pro-ration of taxes up to the day of closing.

WHEREFORE, the Trustee respectfully requests that this Court enter an Order AUTHORIZING him to pay the Property Taxes in the total amount of $13,444.67 to the Treasurer of Floyd County, Indiana (or other appropriate tax authority) in satisfaction of the tax bills referenced herein.

Dated this the 23rd day of October, 2025.

Respectfully Submitted,

*/s/ Stephen Barnes*
Stephen Barnes, Chapter 7 Trustee
163 E. Main Street, Suite 200
P.O. Box 1598
Lexington, KY 40588-1598
(tel) (859) 225-4714
sbarnes@kentuckytrustee.com
CHAPTER 7 TRUSTEE