U.S. BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

IN RE

HULL EQUITY, LLC                                    Case No. 23-32984
                                                                      (Chapter 7)

DEBTORS

\*\* \*\* \*\* \*\* \*\* \*\*

**MOTION OF CHAPTER 7 TRUSTEE TO
SHORTEN OBJECTION PERIOD TO SEVEN (7) DAYS FOR
(i) MOTION (Doc. 82) FOR RULE 2004 PRODUCTION OF DOCUMENTS; and
(ii) MOTION (Doc. 88) TO DISBURSE PROPERTY TAXES**

Comes now the Trustee, Stephen Barnes (the "Chapter 7 Trustee"), solely in his capacity as the Trustee for the Chapter 7 Bankruptcy Estate of Hull Equity, LLC (the "Debtor"), pursuant to 11 U.S.C. § 105, and hereby respectfully submits his Motion requesting that this Court to enter an Order Shortening the Objection Period to seven (7) days for the following motions: (i) Motion for Rule 2004 Production of Documents (Doc. 82) (the "AMEX Motion") and (ii) Motion to Disburse Property Taxes (Doc. 88) (the "Tax Motion").

For his Motion, Chapter 7 Trustee states as follows:

1. On October 22, 2025, the Chapter 7 Trustee filed a Motion for Rule 2004 Production of Documents from American Express National Bank (Doc. 82), and on October 23, 2025 the Chapter 7 Trustee filed a Motion (Doc. 88) requesting approval to disburse $13,444.67 to pay property taxes in connection with New Albany, Indiana commercial Real Property.

2. The Court entered a Notice (Doc. 86) fixing an objection deadline of November 13, 2025 for the AMEX Motion. The goal of the AMEX Motion is to allow the Chapter 7 Trustee to collect documentation relating to a potential preference or fraudulent conveyance action against

AMEX and/or the Debtor's principal Robert Hull.  Because the bankruptcy case was filed on December 13, 2023, the statute of limitations for pre-bankruptcy avoidance actions will expire on December 13, 2025.  11 U.S.C. §546.  Chapter 7 Trustee submits that waiting the full 21 day objection period will shift the document production uncomfortably close to the expiration statute of limitations.  Furthermore, the documents requested are not burdensome and should be straightforward for AMEX to produce.  Accordingly, the Chapter 7 Trustee asks that the objection deadline on the AMEX Motion be shortened to seven (7) days.

     3.     With respect to the Tax Motion, the Chapter 7 Trustee is seeking authorization to pay taxes before penalties are assessed on November 10, 2025.  The twenty-first day after the date of this motion is after the November 10, 2025 deadline.  Paying taxes before a deadline in order to avoid a penalty is very reasonable and routine practice, and it is difficult to imagine what basis a party might have to object.  Thus, the full 21-day objection period appears to be superfluous.  Accordingly, the Chapter 7 Trustee asks that the objection deadline on the Tax Motion be shortened to seven (7) days.

WHEREFORE, for the reasons set forth above, the Trustee requests this Court to enter an Order:

1. SHORTENING the objection period to seven days for the Chapter 7 Trustee's Motion for Rule 2004 Production of Documents and Motion to disburse property taxes.

2. Granting such further relief as is just, proper, necessary, or appropriate.

Dated this the 23rd day of October, 2025.

Respectfully Submitted,

*/s/ Stephen Barnes*
Stephen Barnes, Chapter 7 Trustee
P.O. Box 1598
Lexington, KY 40588-1598
(tel) (859) 225-4714
(fax) (859) 225-7983
sbarnes@kentuckytrustee.com
CHAPTER 7 TRUSTEE

## **CERTIFICATE OF SERVICE**

This is to certify that a copy of the foregoing was served electronically by the Court on the parties designated to receive electronic notice in this case on this the 23rd day of October, 2025.

*/s/ Stephen Barnes*
CHAPTER 7 TRUSTEE