U.S. BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

IN RE

HULL EQUITY, LLC                                      Case No. 23-32984
                                                                           (Chapter 7)

DEBTOR

\* \* \* \* \* \* \* \* \*

### CHAPTER 7 TRUSTEE'S MOTION TO EXTEND DEADLINE TO COMMENCE ACTIONS

Comes now the Trustee, Stephen Barnes, and hereby moves[1] this Court for entry of an order pursuant to sections 546(a) and 108(a) of title 11 of the United States Code (the "Bankruptcy Code") and Rule 9006(b)(1) of the Bankruptcy Rules, extending the deadlines imposed by sections 546 and 108 of the Bankruptcy Code to file any action, including but not limited to, avoidance actions under chapter 5 of the Bankruptcy Code to for an additional four (4) months from December 13, 2025 to March 13, 2026, to the extent that the avoidance action deadline is December 13, 2025.

In support of this Motion, the Trustee respectfully states as follows:

### SUMMARY

In November of 2025, the Chapter 7 Trustee's auctioneer auctioned the Debtor's commercial real property, and the sale has been confirmed (*See* Doc. 112, 114). The high bid was slightly greater than One Million Dollars, which is greater than the total claims filed in the Bankruptcy case. Thus, if the sale closes successfully, it appears that the Chapter 7 Trustee will have sufficient funds to pay all creditors in full.

---

[1] - The Chapter 7 Trustee wishes to express his gratitude to Trustee Wheatley's Counsel Hon. Scott Bachert, for his excellent drafting in his Motion to Extend (Hull Org. Doc. 752) in the Hull Organization, LLC case (WDKY Bkr. 23-32983), which forms the basis of this Motion.

During the two year period prior to the Petition Date, the Chapter 7 Trustee estimates that approximately $75,000 of the Debtor's funds were used to pay Mr. Hull's personal American Express credit card bills. If the Estate does not have sufficient assets to pay all creditors in full, these transfers could give rise to an avoidance action against Mr. Hull and/or American Express pursuant to KRS 378A and 11 USC 548. However, if the sale closes successfully, the Estate's creditors are anticipated to be paid in full and the avoidance action would serve no purpose.

The Chapter 7 Trustee submits that the deadline to file an avoidance action is August 13, 2026, pursuant to 11 USC 546(a)(1)(B). However, out of an abundance of caution, to the extent that the avoidance action filing deadline is December 13, 2025, the Chapter 7 Trustee respectfully requests that the Court grant an extension of the deadline for four months, in order to allow the sale to close.

## JURISDICTION AND VENUE

1. This Court has jurisdiction over this proceeding under 28 U.S.C. §§ 157 and 1334. The Motion is a core proceeding under 28 U.S.C. § 157(b)(2)(A). Venue is proper in this district under 28 U.S.C. §§ 1408 and 1409.

## BACKGROUND AND ARGUMENT

2. The Debtor filed its Voluntary Petition pursuant to Subchapter V of Chapter 11 of the Bankruptcy Code on December 13, 2023. Hon. Michael Wheatley was appointed as Subchapter V Trustee and served during the Chapter 11.

3. On August 13, 2025, the case was converted to a Chapter 7 case, and Stephen Barnes was appointed Chapter 7 Trustee was appointed interim trustee pursuant to section 702 of

the Bankruptcy Code.

## ARGUMENT

4.  As a general rule, avoidance actions must be filed within two years after the order of relief 546(a)(1)(A), in this case December 13, 2025. However, Section 546(a)(1)(B) provides an additional year if a Trustee is appointed under section 702, 1104, 1163, 1202, or 1302, before the expiration of the "standard" two year period.

5.  Although Trustee Wheatley served as a trustee during the Chapter 11 period, the appointment of a Subchapter V Trustee is governed by 11 USC §1183 and 28 USC §586(b). Neither of these statutes are cited in the one-year extension language of 546(a)(1)(B), and accordingly, the one-year extension of 546(a)(1)(B) did not commence until the Chapter 7 Trustee was appointed after conversion. Thus, in this case, the statute of limitations expires on August 13, 2026.

6.  To the extent that the Court disagrees with this analysis and concludes that the filing deadline is December 13, 2025, pursuant to Rule 9006(b) the Chapter 7 Trustee respectfully requests an extension of four (4) months, until March 13, 2026. Good cause exists for this extension, because the four-month extension will allow the approved sale to close, and will allow the Chapter 7 Trustee to determine whether or not all creditors can be paid in full. Filing an avoidance action before the deadline which must then be dismissed would result in a needless waste of Estate assets, and would impose a burden on the Defendants which can be avoided.

7.  In a thoughtful opinion from 2008, the Western District of Kentucky Bankruptcy Court explained that "the deadlines imposed by 11 U.S.C. §546 are not jurisdictional and that the

bankruptcy court has the discretion to extend the deadlines in appropriate circumstances." *Frentz v. Stites & Harbison* (*In re Thermoview Indus., Inc.*), 381 B.R. 225, 229 (Bankr. W.D. Ky. 2008). Referencing Rule 9006(b) and the "good cause" standard, the Court relied on an earlier ruling in the main case to overrule a motion to dismiss an adversary proceeding.

8. The Chapter 7 Trustee submits that good cause exists in this case to extend the statute of limitations. In light of the pending sale, the likelihood that an Adversary Proceeding will be filed is small, so any potential defendants will not be prejudiced by the short extension.

WHEREFORE, Trustee respectfully requests that the Court enter an order (i) granting this Motion, (ii) extending the Deadline to Commence Actions for three months from December 13, 2025 to March 13, 2026 (to the extent that the deadline is December 13, 2025), and (iii) granting such further relief as the Court deems just and proper.

Dated this the 6th day of December, 2025.

Respectfully Submitted,

*/s/ Stephen Barnes*
Stephen Barnes, Chapter 7 Trustee
163 E. Main Street, Suite 200
P.O. Box 1598
Lexington, KY 40588-1598
(tel) (859) 225-4714
(fax) (859) 225-7983
sbarnes@kentuckytrustee.com
CHAPTER 7 TRUSTEE

**CERTIFICATE OF SERVICE:**

It is hereby certified that on December 6th, 2025, a true and correct copy of the foregoing was mailed electronically through the U.S. Bankruptcy Court's CM/ECF system at the electronic addresses set forth therein to the United States Truste and all other persons receiving electronic notifications in this case.

*/s/ Stephen Barnes*

STEPHEN BARNES