U.S. BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

IN RE

HULL EQUITY, LLC                                              Case No. 23-32984
                                                                                 (Chapter 7)

DEBTOR

\* \* \* \* \* \* \* \* \*

**CHAPTER 7 TRUSTEE'S MOTION FOR AUTHORIZATION TO
ASSUME AND ASSIGN UNEXPIRED AUTOZONE LEASE**

Comes now the Trustee, Stephen Barnes (the "Chapter 7 Trustee"), solely in his limited capacity as the Trustee for the Chapter 7 Bankruptcy Estate (the "Estate") of Hull Equity, LLC (the "Debtor"), by counsel, and hereby respectfully submits his for his Motion for entry of an Order authorizing the Chapter 7 Trustee to ASSUME AND ASSIGN an unexpired lease of commercial property to the purchaser.

In support of his Motion, the Trustee states as follows:

**Background**

1. This case was filed as a Chapter 11 Sub V proceeding on December 13, 2023 (the "Petition Date") and was converted to a Chapter 7 on August 13, 2025 (the "Conversion Date"). The Chapter 7 Trustee is the duly-appointed Chapter 7 Trustee in the converted case. For almost the entire post-petition pre-conversion period, the case was jointly administered with three historically related Debtors, with filings largely in the lead case WDKY Bkr. 23-32983 (*In re Hull Organization, LLC*).

2. The Debtor owns a commercial shopping center property located at 1931 Grant Line Road, New Albany, Indiana 47150 (Parcel No.: 22-05-04-201-281.001-008 and 22-05-04-201-276.000-008) and Graybrook Lane, New Albany, IN 47150 (Parcel No.: 22-

05-04-201-280.000-008) (collectively the "Real Property").

3. The Chapter 7 Trustee has sold the Real Property by auction to E2 Investment, LLC (or assignee) ("Purchaser"), Free and Clear of Liens, claims and encumbrances (other than the lease to AutoZone Development, LLC ("Tenant AutoZone")). *See* <u>Order Authorizing Sale by Auction</u> (Doc. 98); <u>Report of Sale</u> (Doc. 112); <u>Order Confirming Sale</u> (Doc. 114). The sale is expected to close in the coming weeks.

4. A portion of the Real Property is leased to Tenant AutoZone for a retail store pursuant to an unexpired written lease (the "AutoZone Lease"). The lease was originally executed in July of 2002 between a predecessor of Tenant AutoZone and a predecessor of the Debtor, and has been amended multiple times. Pursuant to the Sixth Amendment to the Lease executed in July of 2022, the term of the AutoZone Lease will expire in March of 2028.

5. The Trustee has extended the time to assume or reject unexpired leases by motion and order to January 12, 2026.

6. The Chapter 7 Trustee wishes to assume the AutoZone Lease, and assign it to the Purchaser's assignee to 1931 Grant Line LLC. For this assignment, the Chapter 7 Trustee intends to execute an assignment substantially in the form of attached **Exhibit A**, and any additional documents which are customary and necessary in commercial real estate transactions.

## Jurisdiction and Venue

7. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157

and 1334. Venue is proper before this Court pursuant to 28 U.S.C § 1408 and 1409.

8. The Chapter 7 Trustee has undertaken an evaluation with respect to its undertaken contracts and unexpired leases. The Debtor has determined that assumption and assignment of a commercial building lease, whereby the Debtor (as lessor) leased a portion of the Real Property to Tenant AutoZone (as lessee), is in the best interests of the Estate and creditors. The Chapter 7 Trustee does not believe that there has been a default in the Lease.

9. Pursuant to 11 U.S.C. § 365(a), "the trustee, subject to the court's approval, may . . . assume any executory contract or unexpired lease of the debtor." 11 U.S.C. §365(a). The standard to be applied by a court in determining whether an executory contract or unexpired lease should be assumed is the "business judgment" test, which is premised upon the debtor's business judgment that assumption would be beneficial to the estate. *In re Orion Pictures Corp.*, 4 F.3d 1095, 1099 (2d Cir. 1993) (citations omitted). "More exacting scrutiny would slow the administration of the debtor's estate and increase its cost, interfere with the Bankruptcy Code's provision for private control of administration of the estate, and threaten the court's ability to control a case impartially." *Richmond Leasing Co. v. Capital Bank, N.A.*, 762 F.2d 1303, 1311 (5th Cir. 1985).

10. Assumption and Assignment of the Lease is warranted. The Chapter 7 Trustee has determined that the lease will be an integral component of the Purchaser's future operations and business. Accordingly, the Chapter 7 Trustee respectfully submits that assumption and assignment of the Lease is supported by the Chapter 7 Trustee's business judgment and should be approved.

11.     Based upon the foregoing, the Chapter 7 Trustee respectfully submits that assumption and assignment of the Lease is appropriate and in the best interests of the Bankruptcy Estate.

WHEREFORE, for the reasons set forth above, the Chapter 7 Trustee respectfully submits that assumption and assignment of the Lease is appropriate and in the best interest of the Bankruptcy Estate, and requests permission to assume the Lease and assign to the Purchaser and/or its assignee, and to execute any documents to memorialize the assumption and assignment.

Dated this the 23rd day of December, 2025.

Respectfully Submitted,

*/s/ Stephen Barnes*
Stephen Barnes, Chapter 7 Trustee
163 E. Main Street, Suite 200
P.O. Box 1598
Lexington, KY 40588-1598
(tel) (859) 225-4714
(fax) (859) 225-7983
sbarnes@kentuckytrustee.com
CHAPTER 7 TRUSTEE