## ASSIGNMENT OF LEASE AGREEMENT

THIS ASSIGNMENT OF LEASE AGREEMENT (this **"Assignment"**) executed as of the dates set forth below, and made effective as of _____, 2025 (the **"Effective Date"**) by and between Stephen Barnes, as Chapter 7 Trustee of the Bankruptcy Estate of Hull Equity, LLC, an Indiana limited liability company (**"Assignor"**), and 1931 GRANT LINE LLC, a Kentucky limited liability company (**"Assignee"**).

WITNESSETH:

WHEREAS, pursuant to that certain Auction Real Estate Sales Contract dated November 24, 2025 (the **"Purchase Agreement"**) by and between Assignor, as seller, and Assignee, as buyer, Assignor has agreed to convey to Assignee, and Assignee has agreed to accept from Assignor, all of Assignor's right, title and interest in and to the real property, and the buildings and other improvements located thereon, owned by Assignor and commonly known by the address of 1931 Grant Line Road, New Albany, Indiana (the **"Property"**); and

WHEREAS, the Property is subject to (a) that certain Lease Agreement dated as of July 12, 2002, between Consumer's Corner, Inc., as landlord, and AutoZone, Inc., as tenant, as amended by (b) that certain First Amendment to Lease Agreement dated as of October 30, 2002, between Consumer's Corner, Inc. and AutoZone, Inc., (c) that certain Second Amendment to Lease Agreement dated as of December 20, 2002, between Consumer's Corner, Inc. and AutoZone, Inc., (d) that certain EFT Payment Addendum signed on behalf of Consumer's Corner, Inc. on April 25, 2003 and on behalf of AutoZone, Inc. on May 5, 2003 (which EFT Payment Addendum is no longer effective), (e) that certain Fourth Amendment to Lease Agreement executed as of February 3, 2012, (f) that certain Fifth Amendment to Lease Agreement between Hull Equity, LLC and AutoZone Development LLC dated as of July 28, 2017, and (g) that certain Sixth Amendment to Lease Agreement between Hull Equity, LLC and AutoZone Development LLC dated as of July 7, 2022 (collectively, as so amended, the **"Lease"**); and

WHEREAS, pursuant to the terms of the Purchase Agreement, Assignor is required to execute and deliver this Assignment in order to facilitate the assignment of all right, title and interest of Assignor in and to the Lease; and

WHEREAS, simultaneously with the execution and delivery of this Assignment, the transactions contemplated by the Purchase Agreement with respect to the Property are being consummated by Assignor and Assignee.

NOW, THEREFORE, in consideration of the sum of Ten Dollars ($10.00) and other good and valuable consideration paid by Assignee to Assignor, the mutual receipt and legal sufficiency of which are hereby acknowledged, the parties hereto for themselves, their legal representatives, successors and assigns, hereby agree as follows:

1. Defined Terms. All capitalized terms used and not defined herein shall have the meanings ascribed to them in the Purchase Agreement.

2. Assignment. Effective as of the Effective Date, Assignor hereby assigns and transfers unto Assignee, its successors and assigns, forever, in each case, all of its right, title and interest in, to and under the Lease.



196830645v2

3. Assumption. Assignee hereby assumes the obligations of Assignor in respect of such Lease to the extent arising from events occurring from and after the Effective Date.

4. As-Is. Except as may be set forth in the Purchase Agreement, this Assignment is made without representation, warranty, guarantee, or other assurance or covenant of any kind by Assignor, and without recourse with respect to Assignor or with respect to any of the partners, beneficial owners, officers, agents, employees, representatives, affiliates, or other constituent entities of Assignor.

5. Governing Law. This Assignment shall be governed by, and shall be construed in accordance with the domestic laws of the jurisdiction in which the Property is located (the "**Applicable Jurisdiction**"), without giving effect to any choice of law or conflict of law provision (whether of the Applicable Jurisdiction or any other jurisdiction) that would cause the application of the laws of any jurisdiction other than the laws of the Applicable Jurisdiction.

6. Severability. If any provision of this Assignment or the application of any such provision to any person or circumstance shall be held invalid, illegal or unenforceable in any respect by a court of competent jurisdiction, such invalidity, illegality or unenforceability shall not affect any other provision of this Assignment.

7. Counterparts, Electronic Transmission. This Assignment may be executed in one or more counterparts, all of which shall be considered one and the same agreement and shall become effective when one or more such counterparts have been signed by each of the parties and delivered to the other party. This Assignment, to the extent signed and delivered by means of electronic mail or other electronic method, shall be treated in all manners and respects as an original contract and shall be considered to have the same binding legal effect as if it were the original signed version thereof delivered in person. No party hereto shall raise the use of electronic mail or other electronic method to deliver a signature or the fact that any signature or contract was transmitted or communicated through the use of electronic mail or other electronic method as a defense to the formation of a contract and each such party forever waives any such defense.

8. Further Assurances. At any time or from time to time after the date hereof, at the request of Assignor or Assignee and without further consideration, each party hereto and its respective successors or assigns, shall execute and deliver, or shall cause to be executed and delivered, such other instruments of assumption and take such other actions as the other party hereto may reasonably request to effect the assignment to and assumption by Assignee of the Lease as contemplated hereby.

[SIGNATURE PAGE FOLLOWS]

196830645v2

        **ASSIGNOR:**

        **Hull Equity, LLC,**
a Kentucky limited liability company

_____
Stephen Barnes, as Chapter 7 Trustee
of the Bankruptcy Estate of Hull Equity, LLC

STATE OF _____ )
                              ) SS
COUNTY OF _____ )

      Before me, a Notary Public in and for said County and State, personally appeared Stephen Barnes, on behalf of Hull Equity, LLC, as its Chapter 7 Trustee, and acknowledged execution of the foregoing Assignment of Lease Agreement as his free and voluntary act.

_____
Notary Public
Printed Name _____
County of Residence: _____
Commission Number: _____

        **ASSIGNEE:**

        **1931 GRANT LINE LLC,**
a Kentucky limited liability company

By: _____
     Ramandeep Sidhu, Manager

STATE OF _____ )
                              ) SS
COUNTY OF _____ )

      Before me, a Notary Public in and for said County and State, personally appeared Ramandeep Sidhu, on behalf of 1931 Grant Line LLC, as its Manager, and acknowledged execution of the foregoing Assignment of Lease Agreement as his free and voluntary act.

_____
Notary Public
Printed Name _____
County of Residence: _____
Commission Number: _____

196830645v2

THIS INSTRUMENT PREPARED BY:
Jason A. Lopp
CHURCH LANGDON LOPP & BANET LLC
318 Pearl Street, Suite 200
New Albany, IN  47150
(812) 725-8224

I affirm, under the penalties for perjury, that I have taken reasonable care to redact each Social Security Number in this document, unless required by law. By:  Jason Lopp.