U.S. BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

IN RE

HULL EQUITY, LLCCase No. 23-32984
(Chapter 7)
DEBTORS

** ** ** ** ** **

### AGREED ORDER AUTHORIZING CHAPTER 7 TRUSTEE TO PAY ALLOWED CHAPTER 11 ADMINISTRATIVE CLAIMS

This matter came before the Court on agreement of the following parties: (i) the Trustee, Stephen Barnes (the "Chapter 7 Trustee"), solely in his capacity as the Trustee for the Chapter 7 Bankruptcy Estate of Hull Equity, LLC (the "Estate"), (ii) the law firm of Kaplan Johnson Abate & Bird LLP ("KJAB"), (iii) Michael Wheatley (collectively the "Parties"), in connection with the Chapter 7 Trustee's disbursement of Estate property to satisfy KJAB's allowed administrative claim for fees and expenses.

1.This case was commenced by Hull Equity, LLC (the "Debtor") as a Chapter 11 case on December 13, 2023 (the "Petition Date"), and was converted to a case under Chapter 7 on August 13, 2025 (the "Conversion Date").  Between the Petition Date and the Conversion Date, the case was jointly administered with the chapter 11 cases of three affiliates of the Debtor, with filings in the lead case WDKY Bkr. 23-32983 (*In re Hull Organization, LLC*) (the "Lead Case").

2.KJAB represented the Debtor and its three associateddebtors during this case's pendency as a case under Chapter 11.

3.Mr. Wheatley was appointed as the Subchapter V Trustee in the Debtor's

case during its pendency as a case under Chapter 11.

4. In the Lead Case, the Court previously entered three prior orders awarding KJAB a total of $175,206.27 as compensation and reimbursement for services rendered to the Debtor and its affiliated debtors as a professional employed under Bankruptcy Code § 327. See Lead Case Orders Granting Application for Compensation for Kaplan Johnson Abate & Bird LLP (Docs. 205, 363, and 501) (collectively, the "Compensation Orders"). On October 8, 2025, the Court entered (i) an Order (Doc. 74) granting KJAB's fourth and final application in a reduced amount, and (ii) an Order (Doc. 75) reallocating the fees and expenses among the Debtors (the "Reallocation Order"). The Reallocation Order apportioned $43,139.37 of the compensation and reimbursement awarded to KJAB under 11 U.S.C. § 330(a) to the Hull Equity Estate (the "KJAB Administrative Expense").

5. Also on October 8, 2025, the Court awarded Mr. Wheatley $3,038.75 (the "Wheatley Administrative Expense") as compensation and reimbursement for services as the Subchapter V Trustee in Debtor's case.

6. Pursuant to the *Notice of Last Day to File Claims* (Doc. 27), the Court set November 18, 2025, as the deadline for entities to file proofs of claim in order to preserve their rights to receive a distribution from the Estate.

7. Since the Conversion Date, no other entities timely filed a proof of claim or otherwise requested allowance or payment of a pre-Conversion Date claim as an administrative expense.

8. KJAB filed a Proof of Claim in the amount of $26,269.37 [POC 7] (the "KJAB Claim").

9. KJAB has represented to the Chapter 7 Trustee that the KJAB Claim is the

remaining balance of the KJAB Administrative Expense after application of the remaining balance of Debtor's pre-petition retainer ($9,260.00) and applied $7,610 of the sale proceeds from property of the Hull Equity Estate.

10. Upon appointment of the Chapter 7 Trustee, KJAB remitted $97,732.78 from its trust account to the Chapter 7 Trustee.

11. The Chapter 7 Trustee has reviewed the Verified Statement and Required Disclosures filed with the *Nunc Pro Tunc Application to Employ Kaplan Johnson Abate & Bird LLP as Attorney* [Lead Case Doc. 60], the Settlement Statement filed with the *Report of Sale of 2003 Grant Line Road* [Lead Case Doc. 336], and the *Order Granting Emergency Motion to Pay Trustee Insurance Agency d/b/a Intac Advisory Group* [Doc. 442], and is satisfied that KJAB has accounted for all property of the Hull Equity Estate which had been subject to KJAB's custody or control. Accordingly, the Chapter 7 Trustee is not aware of any grounds to seek disallowance or modification of the KJAB Claim.

12. The KJAB Claim is hereby ALLOWED and is entitled to priority as an administrative expense pursuant to 11 U.S.C. § 503(b)(2).

13. Mr. Wheatley did not receive any money or property from or on behalf of the Debtor prior to the Conversion Date.

14. The Wheatley Administrative Expense is entitled to priority as an administrative expense pursuant to 11 U.S.C. § 503(b)(2).

15. Following liquidation of the Estate's real property interests, the Chapter 7 Trustee believes that he is holding more than sufficient funds to pay all allowed, or reasonably anticipated to be allowed, administrative expenses in full. Accordingly, the Chapter 7 Trustee believes that he has sufficient funds to satisfy the KJAB Claim and

Wheatley Administrative Expense (collectively, the "Chapter 11 Administrative Claims") without prejudice to holders of allowed claims or those entities whose claims, presently of unliquidated amounts, may be allowed as administrative expenses.

16. The Chapter 7 Trustee is AUTHORIZED to disburse the sums of $26,269.37 to KJAB and $3,038.75 to Mr. Wheatley upon entry of this Order, in full satisfaction of the Chapter 11 Administrative Claims against the Estate.

17. This is a final and appealable order and there is no just cause for delay.

Have seen and agreed to:

/s Stephen Barnes
Stephen Barnes, Trustee
163 E. Main Street, Suite 200
Lexington, KY 40507
(859) 225-4714
sbarnes@kentuckytrustee.com
CHAPTER 7 TRUSTEE

/s/ Michael E. Wheatley (with permission)
Michael E. Wheatley
P.O. Box 1072
Prospect, KY 40059
(502) 744-6484
mwheatleytr@gmail.com

/s/ Tyler R. Yeager (with permission)
Hon. Tyler R. Yeager
Kaplan Johnson Abate & Bird LLP
710 W. Main St., 4th Floor
Louisville, KY 40202

Tendered by:

/s Stephen Barnes
Stephen Barnes, Trustee
163 E. Main Street, Suite 200
Lexington, KY 40507
(859) 225-4714
sbarnes@kentuckytrustee.com
CHAPTER 7 TRUSTEE